IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER JEFFERSON, No. B-31401, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 13-cv-00106-GPM |
| ) | |
| MARC HODGE, ) | |
| ASSISTANT WARDEN STORM, ) | |
| ERNEST SHELTON, ) | |
| GINA ALLEN, ) | |
| AFSCME, and ) | |
| DIRECTOR GODINEZ, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Walter Jefferson is in the custody of the Illinois Department of Corrections ("IDOC"), serving a 60-year sentence for murder and armed robbery. He is currently housed at Lawrence Correctional Center ("Lawrence"). Pursuant to 42 U.S.C. § 1983, Jefferson brings this action for deprivations of his constitutional rights based on perceived differences in the conditions of confinement at Lawrence, compared with other level two, medium security IDOC facilities. Plaintiff claims that these disparities violate the Equal Protection Clause of the Fourteenth Amendment and amount to cruel and unusual punishment in violation of the Eighth Amendment.

More specifically, Plaintiff notes several differences between the conditions of confinement at Lawrence and those at other level two, medium security facilities, such as Hill, Pinckneyville, Western Illinois, Big Muddy River, Danville, Dixon, Illinois River, Shawnee, Centralia, Graham, Logan and Sheridan Correctional Centers, as well as the medium security

1

units at Menard and Pontiac Correctional Centers. These differences include: (a) being locked down for more than 23 hours per day; (b) day room privileges and showers only three times per week; (c) "yard" only twice per week and gym once per week; (d) no regular library period; (e) and very limited access to jobs, education and similar programs. According to Plaintiff, Lawrence is different because inmates at other medium security facilities are entitled to daily showers and phone access; they can use the day room at least twice per week; there is daily "yard" time; library access is unlimited; and job assignments or educational placement are mandatory.

Plaintiff brings suit against AFSCME[1] (the employee's union), alleging that Lawrence is being operated as a maximum security facility at the request of the union because it eases employees' workloads. Plaintiff also sues Grievance Officer Ernest Shelton, Assistant Warden Storm, Warden Hodge, IDOC Administrative Review Board member Gina Allen and IDOC Director Godinez, all of whom denied Plaintiff's grievance regarding the conditions of his confinement, despite having power to remedy the situation. Plaintiff requests compensatory and punitive damages, as well as declaratory and injunctive relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

---

[1] In Plaintiff's papers, he refers to "AFSME" as the employees union (*See generally* Doc. 1). However, it does require a huge logical jump to realize the union Plaintiff is referring to is "AFSCME", which is the American Federation of State County and Municipal Employees. Throughout the ensuing Memorandum and Order, the Court will refer to "AFSCME" rather than "AFSME", as this is clearly the Defendant Plaintiff intended to name.

2

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A, dismissing the complaint, with leave to amend relative to some, but not all defendants and claims, as explained below.

**Defendant AFSCME**

Lawsuits under Section 1983 are meant to deter state actors (and private parties acting so closely in concert with them that they too should be considered state actors) from using the "color of state law" to deprive individuals of rights guaranteed by the Constitution.  *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir.1998). Unions and union officials are not state actors. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 815 (7th Cir.2009); *Messman v. Helmke,* 133 F.3d 1042, 1044 (7th Cir.1998).  Therefore, AFSCME and all claims lodged against the union are dismissed with prejudice.

**Equal Protection**

Plaintiff alleges that "the Defendants" violated his right to equal protection because of the difference in treatment prisoners at Lawrence receive compared to those housed at other level two, medium security facilities.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), cert. denied, 484 U.S. 935 (1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

Plaintiff seems to believe that, since Lawrence is classified as a "level two" facility, its policies concerning prison amenities should exactly mirror other "level two" facilities. His logic is simply incorrect. "Inmates cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Accordingly, there is no guarantee that Plaintiff will receive the exact same privileges as an inmate at any other state facility, regardless of what "level" that institution has been classified. Furthermore, Plaintiff never alleges that any of the Defendants singled him or his fellow Lawrence inmates out for the purpose of imposing more harsh conditions. A prison does not cross the line to an equal protection violation merely by having different rules than its counterpart institutions.

Additionally, "prisoners possess neither liberty nor property [interests] in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Regardless of any disparity in confinement conditions between prisons, Plaintiff does not have any constitutional right to select the institution where he will serve his sentence.

To summarize, Plaintiff has failed to state an equal protection claim upon which relief may be granted, and thus, this claim shall be dismissed with prejudice.

**Conditions of Confinement**

The Eighth Amendment prohibition against cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Furthermore, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in

combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991). Plaintiff's cursory statements are not sufficient to indicate that he suffered any physical, psychological, or "probabilistic" harm from these alleged conditions. *See Thomas v. Illinois,* 697 F.3d 612, 614-615 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm); *see also Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements are not sufficient to state a claim). Therefore, Plaintiff's Eighth Amendment conditions of confinement claims(s) shall be dismissed without prejudice.

**Denial of Grievances**

Plaintiff specifically alleges that Defendants Shelton, Hodge, Allen and Godinez each, in turn, denied his December 4, 2012, administrative grievance about the conditions of his confinement (Doc. 1, ¶¶ 13-16). It is further alleged that Warden Hodge, Administrative Review Board member Allen and IDOC Director Godinez had the duty and authority to overrule the denial of the grievance. No other specific allegations are made.

"Ruling against a prisoner on an administrative complaint does not cause or contribute to the [alleged constitutional] violation." *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). Merely knowing about a constitutional violation and failing to cure it is generally insufficient; only persons who cause or participate in the violations are responsible. *See Greeno,* 414 F.3d at 656-657; *Reed v. McBride,* 178 F.3d 849,

851-852 (7th Cir.1999); *Vance v. Peters,* 97 F.3d 987, 992-993 (7th Cir.1996). Ruling against a prisoner's administrative grievance does not cause or contribute to the violation.

For these reasons, insofar as the complaint could be construed as asserting a stand-alone claim based solely upon the denial of the grievance, that claim is dismissed with prejudice.

**Personal Involvement**

Although it is not at all clear whether the conditions of confinement of which Plaintiff complains are sufficient to form the basis of an Eighth Amendment claim, the complaint is also deficient in terms of pleading the personal involvement of each defendant.

Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003). The defendant must have caused or participated in the violation. *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Furthermore, the doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)).

The complaint refers to "the Defendants" violating Plaintiff's rights under the Eighth and Fourteenth Amendments by operating Lawrence as a maximum security facility, and complying with AFSCME's requests (Doc. 1, ¶¶ 1, 11). However, these assertions do not satisfy the pleading standards set forth in *Twombly* and *Iqbal* , even under the liberal notice pleading standard of Federal Rule of Civil Procedure 8.

More problematic is that Assistant Warden Storm is named in the caption of the complaint, but he is not otherwise mentioned by name in the complaint.

**Disposition**

For the reasons stated, Defendant **AFSCME** and all claims lodged against that union are **DISMISSED with prejudice** for lack of subject matter jurisdiction under 42 U.S.C. § 1983.

Plaintiff's Fourteenth Amendment equal protection claim is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff's claim against Defendants **SHELTON**, **HODGE**, **ALLEN** and **GODINEZ**, regarding the denial of his December 4, 2012, grievance is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff's Eighth Amendment conditions of confinement claims(s) shall be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. However, Plaintiff is **GRANTED leave to amend** his complaint to include any facts which may exist to support a claim that he was subjected to unconstitutional conditions of confinement relative to Defendants **STORM**, **SHELTON**, **HODGE**, **ALLEN**, **GODINEZ**.  Should Plaintiff wish to proceed with his Eighth Amendment conditions of confinement claim, the amended complaint shall be filed with this Court **on or before April 22, 2013**.  The amended complaint shall be subject to review pursuant to Section 1915A.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of this claim and Defendants **STORM, SHELTON**, **HODGE**, **ALLEN** and **GODINEZ** *shall become a dismissal with prejudice*, and judgment shall be entered accordingly, closing this case.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of whether he proceeds with an amended complaint.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is also **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**

**DATED:** March 22, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge