IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER JEFFERSON,                         )
                                          )
    Plaintiff,                            )
                                          )
    v.                                    )          Case No. 3:13-CV-106-JPG-DGW
                                          )
MARC  HODGE,  RICHARD  DENSMORE,)
BYRON LINGLE, and JEREMY KOHN,    )
                                          )
    Defendants.                           )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Correct the Fact filed by Plaintiff, Walter

Jefferson, on November 22, 2013 (Doc. 56), the Motion for Reconsideration/Motion to Appoint

Counsel filed by Plaintiff on January 13, 2014 (Doc. 62).

The Motion to Correct the Fact is **GRANTED IN PART**.  This court will consider the

information and arguments made in the Motion which was filed in response to this Court allowing

Plaintiff to supplement the record with respect to the issue of exhaustion.

As to the Motion to Appoint Counsel, Plaintiff was previously informed that this Court

does not "appoint" counsel but that the Court may "recruit" counsel (Doc. 31).  Along with that

Order, the Clerk of Court mailed to Plaintiff a form "Motion for Recruitment of Counsel."

Plaintiff nonetheless again seeks counsel without using the proper form.

In any event, Plaintiff has no constitutional nor statutory right to a Court-appointed

attorney in this matter.  *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).  However, 28

U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person

unable to afford counsel."  Prior to making such a request, the Court must first determine whether

Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).  *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).   If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ."  *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").   In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record.   *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel.   *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has not made an attempt to secure counsel without Court intervention.   Counsel in this case will not be recruited.   This matter concerns only one claim: that Plaintiff was subjected to unsanitary food trays.    From Plaintiffs many filings, it is clear that he is capable of pursing this litigation without counsel.   This motion is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 15, 2014**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**