UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER JEFFERSON,

    Plaintiff,

  v.

MARC HODGE, ASSISTANT WARDEN STORM, ERNEST SHELTON, GINA ALLEN, AFSME, DIRECTOR GODINEZ and DENSMORE,

    Defendants.

Case No. 13-cv-106-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 64) of Magistrate Judge Donald G. Wilkerson recommending, after holding a hearing, that the Court grant the motion for summary judgment filed by defendants Marc Hodge, Richard Densmore, Byron Lingle and Jeremy Kohn (Doc. 37) for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) and deny the motion for summary judgment filed by plaintiff Walter Jefferson (Doc. 45).   Jefferson objects to the Report (Doc.68).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.   Fed. R. Civ. P. 72(b)(3).   The Court must review *de novo* the portions of the report to which objections are made. *Id.*   "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."   *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Wilkerson reviews Jefferson's numerous grievances and concludes that none of them complain of unsanitary food trays, the issue in the remaining claim in

this case, or refer to any of the defendants.  Magistrate Judge Wilkerson found that Jefferson's letters to the warden do not qualify as properly filed grievances.  He further found that a grievance Jefferson drafted after the hearing to approximate the grievance Jefferson claimed he filed about the unsanitary food trays was not sufficient, in light of the content of the grievance and the other evidence in the case, for a reasonable fact-finder to find such a grievance was actually filed. Thus, Magistrate Judge Wilkerson concludes, Jefferson has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  Jefferson objects generally to the Report.

The Court has reviewed the matter *de novo* and agrees with Magistrate Judge Wilkerson. Jefferson did not exhaust the administrative remedies that were available to him by filing complaints and appeals in the manner required by the Illinois Department of Corrections. Accordingly, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and the remaining claim in this case must be dismissed.

For these reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 64);

- **GRANTS** the motion for summary judgment filed by defendants Hodge, Densmore, Lingle and Kohn (Doc. 37);

- **DENIES** the motion for summary judgment filed by plaintiff Walter Jefferson (Doc. 45);

- **DISMISSES without prejudice** Count 4 against defendants Densmore, Kohn, Lingle and Hodge (in his official capacity) to the extent it complains of unsanitary food trays; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 12, 2014**

                 s/J. Phil Gilbert
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**